UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WESLEY MESSENGER SERVICE, INC.,** an Oklahoma corporation, ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | Case No. 04-CV-0858-CVE-SAJ |
| **AMERICAN STANDARD, INC., d/b/a TRANE,** d/b/a **AIRE SYSTEMS**, a foreign corporation, ) ) ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss, Alternative Motion to Compel Mediation, and Motion to Transfer (Dkt. # 6) filed by defendant American Standard, Inc. ("ASI") as to the breach of contract claim brought against it by plaintiff Wesley Messenger Service, Inc. ("WMS").

### I.

WMS and ASI entered into an agreement (the "Agreement") on October 10, 2003 whereby WMS agreed to transport commodities manufactured by ASI from its manufacturing plant in Fort Smith, Arkansas, to various locations across several state boundaries. The Agreement contained a provision labeled "Arbitration" which states that the "parties shall attempt in good faith to resolve any dispute arising out of or relating to this Agreement promptly by negotiation between executives who have authority to settle controversy and who are at a higher level of management than the person with direct responsibility for administration of this Agreement." Defendant's Motion (Dkt. # 6), Ex. A. at ¶ 33. The provision further provides that "if the dispute has not been resolved by negotiation within 45 (forty five) days of the disputing party's notice, or if the parties failed to meet

...

with [sic] 20 (twenty) days, the parties shall endeavor to settle the dispute by mediation under the then current CPR Model Mediation Procedure for Business Disputes in effect on the date of this agreement." Id. Finally, the agreement provides that "[u]nless otherwise agreed, the parties will select a mediator from the CPR Panels of Neutrals and shall notify CPR to initiate the selection process." Id. The language in this clause of the Agreement has been taken, nearly word for word, from the model clauses provided on the Conflict Prevention and Resolution ("CPR") website. International Institute for Conflict Prevention and Resolution, A Drafter's Guide to CPR Institute Dispute Resolution Clauses, at http://www.cpradr.org/pdfs/ADRclauseswithInbox_Jul03.pdfat, 5-6.

From October 28 through December 5, 2003, WMS transported and satisfactorily delivered thirty shipments of ASI products. Between November 7, 2003 and January 14, 2004, WMS submitted invoices to ASI for each of the shipments for a total of $127,762.58. WMS now alleges that ASI failed and refused to pay these invoices, thereby breaching the contract. ASI contends that it did pay for the shipping services, though it actually tendered payment to a third party, Eagle Transportation Associates, Inc. ("Eagle"), at the instruction of a former WMS employee, James Rhodes.

On December 19, 2003, the president of WMS wrote a letter to ASI's agent for payment of freight bills, Cass Information Systems ("Cass"), explaining that neither Rhodes nor Eagle were authorized to receive payment on behalf of WMS and demanding payment. On January 8, 2004 WMS made a second written demand for payment through an attorney. WMS contends that no response was ever made to either of these demands. It filed its complaint, alleging breach of contract, in state court on October 14, 2004. ASI removed the case to this Court.

Defendant seeks to have the complaint dismissed pursuant to Fed. R. Civ. P. 12(b)(6) arguing that plaintiff has "no right under the Agreement to seek relief in a judicial proceeding at this point" because of the mediation provision therein. Defendant's Motion (Dkt. # 6) at 3. Alternatively, defendant seeks to have the Court compel enforcement of the mediation provision under the Federal Arbitration Act, 9 U.S.C. § 2. Finally, defendant argues that, should the motion to dismiss be denied, the case should be transferred to the United States District Court for the Western District of Arkansas pursuant to 28 U.S.C. § 1404(a).

## II.

A motion to dismiss is properly granted when it appears beyond doubt that the plaintiff could prove no set of facts entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Ramirez v. Department of Corrections, 222 F.3d 1238, 1240 (10th Cir. 2000). For purposes of making this determination, a court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. Ramirez, 222 F.3d at 1240. However, the Court need not accept as true those allegations that are conclusory in nature. Conclusory allegations state legal conclusions rather than factual assertions. Fugate v. Unified Gov't of Wyandotte County, 161 F. Supp. 2d 1261, 1263 (D. Kan. 2001) (citing Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)).

## III.

Defendant argues that plaintiff has failed to engage in mandatory mediation procedures outlined in the Agreement, and that compliance with such procedures is prerequisite to filing suit under the Agreement. Plaintiff argues, first, that such procedures are not a condition precedent to

3

litigation and, second, that it did attempt to resolve the matter through negotiation prior to filing suit but that defendant failed to respond to its attempts.

Defendant cites two cases in support of the proposition that the mediation provision in the agreement is a condition precedent to litigation. The Georgia Court of Appeals found that a mediation provision stating that the outlined "procedure will be followed to its conclusion prior to either [party] seeking relief from the court" made such mediation a condition precedent to litigation. Gould v. Gould, 523 S.E.2d 106,107-08 (Ga. App. 1999). Similarly, in an unpublished disposition, a Connecticut court applied precedents relating to arbitration clauses in granting a motion to dismiss for lack of subject matter jurisdiction where a party failed to comply with a mandatory mediation clause. Coburn v. Grabowski, 1997 WL 309572 (Conn. Super. 1997). The Connecticut court recognized that "the mere agreement to arbitrate, standing alone, does not give rise to a necessary implication that arbitration is a condition precedent to litigation," Id. at *2, but granted the motion to dismiss because the contract clause at issue provided that "any dispute or claim arising out of or relating to [the contract] . . . shall be submitted to mediation." Id. It further specified that the filing of certain types of judicial actions would not constitute a breach of the duty to mitigate created by the contract, implying by omission that all others would. Id.

The provision at issue here does not indicate the relation the Agreement's specified mediation procedures should have to litigation, much less expressly make mediation a condition precedent thereto. Although it uses the mandatory word "shall," it only thereby makes mandatory an "attempt" or an "endeavor" to mediate, not the mediation itself. Even if the provision did make attempted mediation a condition precedent to suit, the Court finds that WMS' demand letters sent to ASI and its agent, Cass, in December 2003 and January 2004 constitute a sufficient attempt by

WMS to notify ASI of its claims, and to engage ASI in negotiations to resolve those claims. For these reasons, the Court finds defendant's motion to dismiss (Dkt. # 6-1) should be and is hereby **denied.**

## IV.

Defendant alternatively seeks an order from the Court compelling arbitration pursuant to the Federal Arbitration Act ("FAA"), and staying the litigation in the meantime. However, WMS contends that the provision labeled "arbitration" is not actually an arbitration provision in that it lacks certain key elements that would make it subject to the FAA. "Central to any conception of classic arbitration is that the disputants empowered a third party to render a decision settling their dispute." Salt Lake Tribune Publ'g Co., LLC v Mgmt. Planning, Inc., 390 F.3d 684, 689 (10th Cir. 2004). Furthermore, "the essence of arbitration is that the parties agreed to arbitrate their disputes through to completion, i.e. to an award by a third-party arbitrator." Id. (citing Harrison v. Nissan Motor Corp., 111 F.3d 343, 350 (3d Cir. 1997)).[1]

The contract clause at issue here does not empower any third party to render a final decision settling a dispute between the parties. The Agreement specifies CPR as its dispute resolution authority, incorporating, without material alteration, the model clauses provided for mediation rather than for arbitration. CPR distinguishes mediation from arbitration, emphasizing that it is non-

---

[1]  Defendant also cites Fisher v. GE Medical Systems, 276 F. Supp. 2d 891 (M.D. Tenn. 2003), in support of the proposition that the FAA covers mandatory mediation as well as actual arbitration. However, consistent with the Tenth Circuit's reasoning in Salt Lake Tribune, the court in Fisher specifies that an agreement must contemplate a "conclusive resolution" or "final adjustment" of differences, or outline a process that "will settle the controversy," in order to invoke application of the FAA. Fisher, 276 F. Supp. 2d at 893 (internal quotations omitted). The agreement at issue here, through use of the words "attempt" and "endeavor" does not meet these criteria.

5

binding, and that the mediator, unlike the arbitrator, has no authority to impose a resolution. The model clauses incorporated by the Agreement clearly contemplate failure of the mediation process at several different stages. For these reasons, the Court finds that the clause is not an arbitration clause, even as that term is broadly interpreted for the purposes of the FAA, and thus that the FAA does not govern either the Agreement or the dispute between ASI and WMS. Accordingly, the Court finds that defendant's motion to stay and to compel mediation (Dkt. # 6-2) should be and is hereby **denied**. However, the Court is,of course, open to issuing an order for settlement conference at the parties' earliest convenience.

## V.

Finally, defendant seeks a transfer of the case to the Western District of Arkansas for the convenience of the parties pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides:

> For the convenience of parties and witnesses, a district court may transfer any civil action to any other district or division where it might have been brought.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to 'an individualized, case-by-case consideration of convenience and fairness.'" Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991). However, "unless the balance is strongly in favor of the movant, the plaintiff's choice of forum should rarely be disturbed." Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). Further, the moving party bears the burden of establishing that the existing forum is inconvenient. Chrysler Credit Corp., 928 F.2d at 1515.

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from

> congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Id. at 1516 (citing Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir.1967)). The location in which the disputed acts took place is an important factor in determining whether a case ought to be transferred. Scheidt, 956 F.2d at 965. Finally, merely shifting inconvenience from one side to the other . . . is not a permissible justification for a change of venue. Id.

In this case, plaintiff has chosen the Northern District of Oklahoma as its forum and has demonstrated several strong connections to that forum including (1) its Tulsa, Oklahoma headquarters; (2) the issuance of the invoices at issue from Tulsa, Oklahoma; (3) the payment of funds by plaintiff to James Rhodes at the Tulsa Federal Employees Credit Union; and (4) the sending of demand letters from a Tulsa, Oklahoma address. Accordingly, the Court finds that several of the operative facts in the underlying case took place in plaintiff's chosen forum, thereby entitling it to deference.

Defendant argues inconvenience on the ground that the majority of its witnesses reside in Fort Smith, Arkansas – approximately 118 miles away. Fed. R. Civ. P 45(b)(2) sets a 100 mile limit on a court's subpoena power over witnesses outside the district in which the case is brought. Thus compulsory process to ensure attendance of witnesses may not be available. However, ASI fails to provide the Court with any evidence establishing that its witnesses would be unavailable if the case is tried in Tulsa, necessitating compulsory process, nor has it demonstrated the existence of any undue hardship or difficulty that might be imposed on its witnesses having to travel the two hours from Fort Smith to Tulsa for a trial. And, although it may be relatively inconvenient for ASI's witnesses to come to Tulsa, it would be equally inconvenient for WMS' witnesses to go to Arkansas.

Further, although defendant asserts that "the relevant disputed acts" occurred in Fort Smith, it does not identify these events. Defendant claims greater relative ease of access to sources of proof, availability of compulsory process, cost of obtaining willing witnesses, and all other practical issues. However, transferring the case to the Western District of Arkansas would merely redistribute these expenses and inconvenience to favor ASI. For these reasons, the Court finds that ASI has failed to meet its burden of establishing sufficient inconvenience to merit disturbing WMS' choice of forum. Defendant's motion for transfer pursuant to 28 U.S.C. § 1404(a) (Dkt. # 6-3) should be and is hereby **denied.**

## VI.

**IT IS THEREFORE ORDERED** that defendant's motions (Dkt. # 6) to dismiss, or to compel mediation and to transfer, are hereby **denied**

**Dated** this 15th day of August, 2005.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT